# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **GRACE JOSIE AYALA,** Plaintiff, v. **AMERICAN HOME MORTGAGE SERVICING, INC.,** Defendant. | **REPORT AND RECOMMENDATION** Case No. 2:11-cv-77-DB-PMW **District Judge Dee Benson** **Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are Grace Josie Ayala's ("Plaintiff") motion for leave to amend her complaint and to remand to state court;[2] and American Home Mortgage Servicing, Inc.'s ("Defendant") motion to dismiss and release lis pendens.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 5.

[2] *See* docket no. 10.

[3] *See* docket no. 11.

As an initial matter, the court recognizes that Plaintiff is proceeding pro se in this case. Accordingly, the court will construe her pleadings and other written submissions liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

**BACKGROUND**

The following allegations are taken from the complaint and documents that are either attached to, or referenced in, the complaint. Accordingly, they can properly be considered by the court in deciding Defendant's motion to dismiss. *See GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).

On or about September 6, 2006, Plaintiff signed an adjustable rate note in favor of American Brokers Conduit in the principal amount of $604,000.00 ("Note") to refinance a property ("Property"). On or about the same date, Plaintiff signed a deed of trust securing the Note ("Trust Deed") that identified American Brokers Conduit as "Lender," Southern Utah Title as "Trustee," and Mortgage Electronic Registration Systems ("MERS") as beneficiary and nominee for Lender and its successors and assigns.

On or about September 27, 2010, MERS assigned its beneficial interest to Deutsche Bank National Trust Company ("Deutsche Bank"), and Deutsche Bank appointed Etitle Insurance Agency ("Etitle") as a substitute trustee. On or about that same date, Etitle filed a notice of default on the Property.

Plaintiff filed her complaint in state court on or about December 20, 2010, alleging six causes of action. Her first three causes of action allege discriminatory practices in the origination of the loan in violation of the following provisions of federal law: the Fair Housing Act, the

Equal Credit Opportunity Act, and the Civil Rights Act. She also alleges two claims for violations of the Utah Consumer Sales Practices Act ("UCSPA") and a claim for breach of the duty of good faith and fair dealing. In January 2011, Defendant removed the case to this court. In February 2011, Plaintiff filed her motion for leave to amend her complaint and to remand to state court, and Defendant filed its motion to dismiss and release lis pendens. The court will address those motions in turn.

## ANALYSIS

**I. Plaintiff's Motion for Leave to Amend Her Complaint and to Remand to State Court**

In this motion, Plaintiff requests leave of court "to amend her complaint to actionable items under the state court's jurisdiction and requests that all federal claims be dismissed."[4] It appears that Plaintiff believes that the elimination of her federal claims would allow for this case to be remanded to state court. In addition, Plaintiff asserts that remand is appropriate because she is elderly and that it would be "physically impossible to attend any hearings or trials in Salt Lake City, Utah."[5] Plaintiff further asserts that she is the primary caregiver for her disabled son and that "[f]or him to be cared for from a hotel room during any hearings or trials[] would put his fragile condition at further risk of deterioration."[6]

---

[4] Docket no. 10 at 3.

[5] *Id.* at 2.

[6] *Id.*

3

Plaintiff's motion for leave to amend her complaint is governed by rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2). Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). However, even under this liberal standard, the court may deny leave to amend if amendment would be futile. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

As noted by Defendant, even if Plaintiff's amended complaint were to eliminate all federal claims, this court's jurisdiction for purposes of removal from a state court is determined based on the allegations in the complaint at the time the case was removed to federal court. *See Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991). At the time Plaintiff's complaint was removed to this court, it clearly stated several federal claims. Even if all such claims were withdrawn, this court would likely choose to exercise supplemental jurisdiction under 28 U.S.C. § 1367 because Plaintiff's state law claims "are so related to" her previously stated federal claims "that they form part of the same case or controversy." 28 U.S.C. § 1367.

In addition, even if Plaintiff's complaint were amended to drop all federal claims and the court chose not to exercise supplemental jurisdiction, there is still diversity in this case. Defendant is a Texas corporation with its principal place of business in Texas. The additional defendant that Plaintiff seeks to add, Deutsche Bank, appears to be a federally chartered entity with its principal place of business in California. Therefore, diversity would still appear to exist, and this court would continue to have jurisdiction.

Concerning Plaintiff's difficulties with any potential travel to Salt Lake City, the court is sympathetic to her circumstances. Those circumstances, however, do not provide a valid legal basis for remanding this case to state court.

For these reasons, Plaintiff's motion to amend her complaint and to remand to state court should be denied.

## II. Defendant's Motion to Dismiss

Defendant's motion seeks dismissal of Plaintiff's complaint under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under rule 12(b)(6), the court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

As indicated above, Plaintiff's first three causes of action allege discriminatory practices in the origination of the loan in violation of the following provisions of federal law: the Fair Housing Act, the Equal Credit Opportunity Act, and the Civil Rights Act. She also alleges two

5

claims for violations of the UCSPA and a claim for breach of the duty of good faith and fair dealing.

### A. Federal Claims

Each of Plaintiff's federal claims is barred by the applicable statute of limitations. Plaintiff's loan closed on August 25, 2006. This lawsuit was not filed until December 20, 2010, approximately four and one-half years later.

The Fair Housing Act has a two-year statute of limitations. *See* 42 U.S.C. § 3613(a)(1)(A). The Equal Credit Opportunity Act likewise has a two-year statute of limitations. *See* 15 U.S.C. § 1691e(f). In Utah, Civil Rights Act claims are subject to Utah's four-year statute of limitations for "relief not otherwise provided for by law." *Mismash v. Murray City*, 730 F.2d 1366, 1367 (10th Cir. 1984) (quotations and citation omitted); *see* Utah Code § 78B-2-307(3). Plaintiff's case was not filed within the time periods provided by any of those statutes. Accordingly, all of Plaintiff's federal claims are time-barred.

### B. UCSPA Claims

Plaintiff's fourth and fifth claims both appear to allege that Defendant violated the UCSPA by attempting to work out a loan modification with Plaintiff. However, the UCSPA does not apply in this case.

The UCSPA does not apply to the loan at issue for several reasons. First, a mortgage loan is not a "'[c]onsumer transaction'" within the scope of the UCSPA. *See* Utah Code § 13-11-3(2)(a). A "'[c]onsumer transaction'" is "a sale, lease, assignment, award by chance, or other written or oral transfer or disposition of goods, services, or other property, both tangible

6

and intangible (except securities and insurance)." *Id*. A mortgage loan does not fit into that description as it is not a sale or disposition of the funds or of the note. Second, Defendant is not a "'[s]upplier'" under the UCSPA, particularly since it was not even involved in the origination of the loan at issue. *Id*. § 13-11-3(6) Finally, Plaintiff does not and cannot explain how offering her a loan modification and forbearance on her loan—which was in default—is a "deceptive and unconscionable sales practice[]." *Id*. § 13-11-2(2). Indeed, Plaintiff's allegations are that Defendant was simply attempting to assist Plaintiff in working through her inability to pay the Note. For these reasons, the UCSPA does not apply, and Plaintiff's claims under it should be dismissed.

## C. Duty of Good Faith and Fair Dealing

Plaintiff's claim for breach of the duty of good faith and fair dealing fails for lack of an enforceable contract obligation. A claim for breach of the duty of good faith and fair dealing is a claim for breach of contract and has "no independent existence outside of the contract." *Peterson & Simpson v. IHC Health Servs., Inc.*, 217 P.3d 716, 722 (Utah 2009). In any breach of contract claim under Utah law, "an essential element" is the existence of a "valid and enforceable contract." *Bennett v. Jones, Waldo, Holbrook & McDonough*, 70 P.3d 17, 26 (Utah 2003).

Plaintiff claims two breaches: first, that she was led to believe she was in the process of a loan modification and, second, that she was led to believe that American Brokers Conduit was the beneficiary of the Trust Deed. Plaintiff fails to identify any contract or obligation that was breached by either of those two alleged actions. Accordingly, her claim for breach of the duty of good faith and fair dealing must fail.

7

## D. Additional Arguments

To the extent that Plaintiff is arguing that MERS had no ability to act as the beneficiary of the Trust Deed, this argument has been repeatedly rejected by this court and is not legally correct or supportable. The case law on the matter in this jurisdiction is clear and unequivocal that MERS is able to act as the beneficiary of the Trust Deed. *See, e.g.*, *Marty v. Mortgage Elec. Registration Sys.*, No. 1:10-cv-33-CW, 2010 WL 4117196, at *6 (D. Utah. October 19, 2010) ("[T]here is no reason to conclude that MERS could not contract with Plaintiff and other parties to maintain the power to foreclose despite the conveyance of the ownership of the debt as long as MERS were to act on behalf of those parties who have the ultimate right to collect the debt."); *Foster v. BAC Home Loan Servicing, LP*, No. 2:10-cv-247-TS, 2010 WL 3791976, at *3 (D. Utah Sept. 22, 2010); *Rodeback v. Utah Fin.*, No. 1:09-cv-134-TC, 2010 WL 2757243, at *4 (D. Utah July 13, 2010); *Southam v. Lehman Bros. Bank FSB*, No. 2:10-cv-45-TS, 2010 WL 3258320, at *3 (D. Utah Aug. 17, 2010); *Burnett v. Mortgage Elec. Registration Sys., Inc.*, No. 1:09-cv-69-DAK, 2009 WL 3582294, at *4 (D. Utah Oct. 27, 2009) (holding that MERS is able to take any actions required of the lender, including the assignment of the lender's interest, substitution of the trustee, and initiation of foreclosure proceedings). Under the plain terms of the Trust Deed, which Plaintiff signed, MERS was appointed as the beneficiary and nominee for the Lender and its successors and assigns and granted the power to act in their stead, including making assignments and instituting foreclosure. Pursuant to the governing documents and this court's case law, MERS is empowered to take any actions that the Lender could.

Moreover, this claim is barred by the statute of limitations. The loan at issue closed on August 25, 2006. On that date, Plaintiff signed the Trust Deed identifying MERS as the beneficiary and nominee for the lender and its successors and assigns. All of the facts underlying this claim were known on that date. This suit was not filed until December 20, 2010, more than four years later. Because the claim is not a right, duty, or obligation found in the language of the Trust Deed, the appropriate statute of limitations is either the four-year general statute of limitations or the three-year statute of limitations for liability created by statute. *See* Utah Code §§ 78B-2-305(4), -307(3); *McKean v. McBride*, 884 P.2d 1314, 1317-18 (Utah Ct. App. 1994). In either case, the claim would be time-barred.

## E.  Conclusion

For all of the foregoing reasons, Defendant's motion to dismiss should be granted, and Plaintiff's complaint should be dismissed with prejudice.

## III.  Motion to Release Lis Pendens

In addition to dismissing the complaint, the court should also order the release of the lis pendens filed by Plaintiff. The court should order such a release if "the court finds that [Plaintiff] has not established by a preponderance of the evidence the probable validity of the real property claim that is the subject of the notice." Utah Code § 78B-6-1304(2)(b). The court has concluded that all of Plaintiff's claims fail. Accordingly, Plaintiff has no basis for the lis pendens, and the lis pendens should be released. *See id*.

## CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED:**

1. Plaintiff's motion for leave to amend her complaint and to remand to state court[7] be **DENIED**.

2. Defendant's motion to dismiss and release lis pendens[8] be **GRANTED**.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 8th day of June, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[7] See docket no. 10.

[8] See docket no. 11.